STATE SAVINGS & LOAN ASSOCIATION, APPELLEE, V. EFFIE V. MARTIN ET AL., APPELLEES: ERNEST DOLL ET AL., APPELLANTS.

FILED APRIL 20, 1934. No. 28853.

*Wear, Garrotto & Boland,* for appellants.

*Webb, Sheehan & Kelley, contra.*

Heard before ROSE and PAINE, JJ., and LIGHTNER, REDICK and THOMSEN, District Judges.

THOMSEN, District Judge.

This is a foreclosure of a mortgage. The property consists of 4.06 acres of unimproved land on the outskirts of the city of Omaha. The only purpose for which it has been used in recent years is as a shooting ground. It sold for $1,343 at sheriff's sale, subject to $600 of delinquent and unpaid taxes, or a total sale price of $1,943. One complaint is that the sale price is grossly inadequate. The values are established by three affidavits, one showing the reasonable value to be $1,800, two $5,000 and one reciting the sale price of adjoining property in 1923. It is apparent that the prices obtaining for adjoining land in 1923 would be of little value in determining the present reasonable value of the property.

This land is described as low land, "several feet lower than the established grade of highways adjoining it and other property adjoining these highways."

Appellants, although expressing the belief that the property should sell for the sum of $5,000, do not offer

any assurance of such sale or of any sale for more than the sum realized by the sheriff; nor do they offer to produce a purchaser for any sum whatever. Considering the general state of land values at present, the court cannot say, as a matter of law, that the sale price is so grossly inadequate as to shock the conscience.

The appellants complain that the property was not sold until about 11:15 a. m., when it was advertised for sale at 10:00 o'clock. The record shows that the sheriff was at the appointed place at 10:00 o'clock and remained there continuously until the close of the sale; that he offered a number of properties for sale at such time. The appellants have cited to us no authorities that would require a sheriff to cry the sale as an auctioneer does. The sale was properly advertised and the sheriff appeared at the time ready to receive bids. When the hour of 11:00 o'clock arrived, he announced that he had a bid on this property, and ultimately sold it on the bid so received. As a practical proposition, we can conceive of a situation in which very active bidding might go on beyond the hour, where great injustice might be done for a judicial sale to be required to be closed within the hour; and also during a time such as this when a great many sales are held at the same time. It is sufficient if the sheriff is present and remains during the appointed hour and is ready to receive bids as stated in his notice, so that every one who desires to offer a bid may have an opportunity to do so. 35 C. J. 35; *Culver Lumber & Mfg. Co. v. Culver,* 81 Ark. 102.

We have given careful consideration to the briefs of counsel and the record, but find nothing adverse to the conclusions heretofore reached. The sale is confirmed, with leave for appellants to redeem before mandate issues.

AFFIRMED.